NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 16 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALEKSANDER GEORGES; IDA JELVEH, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> BANK OF AMERICA, N.A., <br><br> Defendant-Appellee. | No. 20-55499 <br><br> D.C. No. 8:19-cv-02329-DOC-KES <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted February 11, 2021[**]
Pasadena, California

Before: BOGGS,[***] M. SMITH, and MURGUIA, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Aleksander Georges and Ida Jelveh (collectively, "Plaintiffs") appeal the district court's dismissal of a putative class action brought in diversity against Bank of America ("BOA"). Plaintiffs, who are at least twenty-four years old, are accountholders at BOA and allege that BOA's student-fee waiver constitutes illegal age discrimination under the California Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code § 51 *et seq.*, and the "unlawful" prong of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.* "We review de novo a district court's order granting a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." *L.A. Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 800 (9th Cir. 2017). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Like most banks, BOA offers various banking products, including personal bank accounts, to its customers. One type of personal bank account BOA offers is called "Bank of America Advantage Plus Banking." BOA imposes a monthly $12 "maintenance fee" on this account unless the account holder: (1) makes at least one direct deposit of $250 or more per month; (2) maintains a daily minimum balance of at least $1,500; (3) enrolls in a specified rewards program and qualifies for a certain tier of rewards; or (4) qualifies for a student waiver. To qualify for the student waiver, accountholders must show that they (1) are enrolled in a high school, college, university, or vocational program and (2) are under twenty-four years old. Plaintiffs contend that BOA's age-based student-fee waiver constitutes illegal age

2

discrimination under the Unruh Act because the waiver ceases to apply to student accountholders—like them—when they turn twenty-four years of age.

We find an insufficient basis to conclude that BOA's age-based maintenance fee violates the Unruh Act. The Unruh Act does not prohibit all preferential treatment based on age, but "prohibits only arbitrary, invidious or unreasonable discrimination." *Sargoy v. Resol. Tr. Corp.*, 10 Cal. Rptr. 2d 889, 891 (Ct. App. 1992) (citing *In re Cox*, 474 P.2d 992, 999 (Cal. 1970)). Such discrimination "'emphasizes irrelevant differences' or 'perpetuates [irrational] stereotypes.'" *Dallas & Lashmi, Inc. v. 7-Eleven, Inc.*, 112 F. Supp. 3d 1048, 1062 (C.D. Cal. 2015) (alteration in original) (quoting *Koire v. Metro Car Wash*, 707 P.2d 195, 201–02 (Cal. 1985)). This is consistent with the "fundamental purpose" of the Unruh Act, which is "the elimination of antisocial discriminatory practices—not the elimination of socially beneficial ones." *Sargoy*, 10 Cal. Rptr. at 895; *see also Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1050 (9th Cir. 2000) ("[D]isparities in treatment and pricing that are reasonable do not violate the Unruh Act.").

The overwhelming majority of California courts to address age-based discrimination under the Unruh Act have upheld reasonable age-based discrimination so long as the age-based discrimination is justified by public-policy considerations. *See, e.g., Javorsky v. W. Athletic Clubs, Inc.*, 195 Cal. Rptr. 3d 706, 718–23 (Ct. App. 2015) (upholding fitness membership discount for individuals

aged eighteen to twenty-nine); *Pizarro v. Lamb's Players Theatre*, 37 Cal. Rptr. 3d 859, 862–63 (Ct. App. 2006) (upholding an age-based price discount for individuals born between 1946 and 1964); *Lazar v. Hertz Corp.*, 82 Cal. Rptr. 2d 368, 372–74 (Ct. App. 1999) (upholding higher car-rental fees for drivers under twenty-five); *Sargoy*, 10 Cal. Rptr. 2d at 893 (upholding a bank's policy offering higher savings-account interest rates to customers aged 55 and older); *Starkman v. Mann Theatres Corp.*, 278 Cal. Rptr. 543, 546–49 (Ct. App. 1991) (upholding discounts for movie theater tickets for children under age 12 and senior citizens over age 60).

Plaintiffs' reliance on *Candelore v. Tinder, Inc.*, 228 Cal. Rptr. 3d 336 (Ct. App. 2018) is unpersuasive. Unlike in *Candelore*, where the defendant made no attempt to identify any public interest in its age-based pricing differences, BOA's age-based student fee waiver is supported by public-policy considerations, as evidenced by statutes and federal reports that favor assistance to young adults—and in particular those under twenty-four—as they transition to financial independence and into the banking system. *See, e.g.*, 26 U.S.C. § 152(c)(3)(A)(ii) (parents may claim a child as a dependent on their tax returns if, among other things, the child "is a student who has not attained the age of 24" at the close of the calendar year); 20 U.S.C. § 1087vv(d)(1)(A) (under the Higher Education Act, any student who is twenty-four or older is deemed to be an "independent student" for purposes of federal student-aid programs). Because BOA's age-based maintenance fee is

4

supported by public-policy considerations, we cannot conclude it constitutes "arbitrary, invidious or unreasonable discrimination." *Sargoy*, 10 Cal. Rptr. 2d at 891.

2.     Plaintiffs also assert a derivative claim under the "unlawful" prong of California's UCL, which prohibits "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. But because there is no violation of the Unruh Act, Plaintiffs' UCL claim also fails. *See Aleksick v. 7–Eleven, Inc.*, 140 Cal. Rptr. 3d 796, 801 (Ct. App. 2012) ("When a statutory claim fails, a derivative UCL claim also fails.").

**AFFIRMED.**